**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **DIANA BOND,** *as Representative/Heir of* *the* **ESTATE OF TAMI BOND; and** *as next friend for* **A.R.B.,** *a minor child* | §<br>§<br>§<br>§ | |
| **v.** | §<br>§ | **CIVIL ACTION NO. _____**<br>**JURY TRIAL** |
| **NUECES COUNTY, TEXAS;**<br>**JOHN DOE #1,** *Individually*;<br>**JOHN DOE #2,** *Individually*;<br>**JANE DOE #1,** *Individually*; **and**<br>**JANE DOE #2,** *Individually* | §<br>§<br>§<br>§<br>§ | |

**ORIGINAL COMPLAINT**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

**NOW COMES** Plaintiff, Diana Bond, *as Representatinve/Heir of the* Estate of Tami Bond,

and *as next friend* for A.R.B., *a minor child*, filing this, her *Original Complaint*, and bringing this

action against Nueces County, Texas; John Doe #1, *Individually*; John Doe #2, *Individually*; Jane

Doe #1, *Individually;* and Jane Doe #2*, Individually*, as said Defendants, jointly and severally,

have denied certain rights as guaranteed by the Constitution and laws of the United States of

America.

**JURISDICTION AND VENUE**

1.      This court has jurisdiction over this action pursuant to, *inter alia*, 28 U.S.C. §1331 (federal

question) and 28 U.S.C. §1343(3) (civil rights).  Venue is proper in the Southern District of Texas,

Corpus Christi Division, as this is the district where the claim arose in accordance to 29

U.S.C.§1391(b).

**PARTIES**

2.    Plaintiff Diana Bond, brings this suit on her own behalf, on behalf of the Estate of her daughter Tami Bond (herenafter "Tami") and her daughter's child - ARB.  Plaintiff is a resident of Nueces County, Texas.

3.    Defendant Nueces County, Texas (hereinafter "Nueces County" and/or "Defendant") is a political subdivision of the State of Texas and may be served with summons upon Nueces County Judge Barbara Canales, at 901 Leopard Street, Room 303, Corpus Christi, Texas 78401.

4.    Defendant John Doe #1 (hereinafter "John Doe #1") was, at all times material to this suit, an officer employed by the Nueces County Sheriff's Department.  Each of the acts complained of herein arises from the conduct of Defendant while acting under color of state law, and was committed within the scope of his employment and authority with the Nueces County Sheriff's Department.  Defendant John/Jane Doe #1 (once identified) may be served with summons at his place of employment, NUECES COUNTY SHERIFF'S DEPARTMENT, 901 Leopard St., Corpus Christi, Texas 78401.

5.    Defendant John Doe #2 (hereinafter "John Doe #2") was, at all times material to this suit, an officer employed by the Nueces County Sheriff's Department.  Each of the acts complained of herein arises from the conduct of Defendant while acting under color of state law, and was committed within the scope of his employment and authority with the Nueces County Sheriff's Department.  Defendant John Doe #2 (once identified) may be served with summons at his place of employment, NUECES COUNTY SHERIFF'S DEPARTMENT, 901 Leopard St., Corpus Christi, Texas 78401.

6.    Defendant Jane Doe #1 (hereinafter "Jane Doe #1") was, at all times material to this suit, an officer employed by the Nueces County Sheriff's Department.  Each of the acts complained of

2

herein arises from the conduct of Defendant while acting under color of state law, and was committed within the scope of her employment and authority with the Nueces County Sheriff's Department.  Defendant Jane Doe #1 (once identified) may be served with summons at her place of employment, NUECES COUNTY SHERIFF'S DEPARTMENT, 901 Leopard St., Corpus Christi, Texas 78401.

7.      Defendant Jane Doe #2 (hereinafter "John Doe #2") was, at all times material to this suit, an officer employed by the Nueces County Sheriff's Department.  Each of the acts complained of herein arises from the conduct of Defendant while acting under color of state law, and was committed within the scope of her employment and authority with the Nueces County Sheriff's Department.  Defendant Jane Doe #2 (once identified) may be served with summons at her place of employment, NUECES COUNTY SHERIFF'S DEPARTMENT, 901 Leopard St., Corpus Christi, Texas 78401.

**FACTS**

8.      Whenever, in this complaint it is alleged that any Defendant did any act, thing, and/or omission, it is meant that Defendant and/or Defendant's officers, agents, servants, employees or representatives did such act, thing and/or omission and that at the time it was done with full authorization and/or ratification of Defendant or done in the normal and routine course and scope of employment of Defendant and/or Defendant's officers, agents, servants, employees or representatives.

9.      On or about February 6, 2017, Tami was arrested, charged with possession of controlled substance and tampering with evidence, and was taken to the Nueces County Jail. During her intake to the County Jail, Tami repreatedly indicated and requested medical attention claiming pain in both her head and stomach. Such requests were ignored by intake/jail personel.

10.     Not heeding such notice and warning, and without consideration for her need for medical attention, Tami was placed in a cell with other inmates. Repeated attempts for medical attention were ignored – even when other inmates made such requests on Tami's behalf, seeing obvious her need for medical attention and treatment. At no time did Tami receive the medical attention requested, and as a result, Tami died in custody in the early morning of February 7, 2017.

11.     At all pertinent times, Defendant Nueces County, Texas (by and though the Nueces County Sheriff's Department) authorized and ratified the wrongful and tortuous acts and/or omissions of its officers/deputies.

### FIRST CLAIM FOR RELIEF - §1983

12.     **Section 1983.**  The Civil Rights Act of 1871 (originally the "Ku Klux Klan Act"), now codified as 42 U.S.C.S. §1983 as federal law provides:  "Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any laws, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."   42 U.S.C.S. §1983.

13.     The state action requirement for standing under 42 U.S.C.S. §1983 has more commonly been referred to as "color of state law," from the statute itself.  Plaintiff is informed and believes, and thereupon alleges that in committing said acts and/or omissions, each Defendant was the agent and employee of each other Defendant and was acting within such agency and employment and that each Defendant was acting under color of state law.

14.     42 U.S.C.S. §1983 requires that the conduct complained of must have deprived the person of some privilege or immunity secured by the Constitution or laws of the United States.  As such,

Plaintiff alleges that Defendants, jointly and/or severally deprived Tami of her Fourth Amendment and/or Eighth Amendment rights and those rights, privileges, and immunities secured by the Fourth, Fifth and Eighth Amendments to the Constitution incorporated and applied to the states through the Fourteenth Amendment.  Defendants violated this provision by the following actions, *inter alia*, and/or omissions:

a)      by acting with deliberate indifference to a substantial and known risk of harm to Tami;

b)      by failing to intervene, where such intervention would have prevented further medical injury resulting in Tami's death;

c)      by ignoring Tami's serious medical needs; and

d)      failing to impose proper and sufficient policies and/or procedures as to the screening of inmates/detainees/arrestees in regard to their medical needs.

15.      **§ 1983 - County/Municipal liability.**   It is also well-established that municipalities are liable under 42 U.S.C.S. §1983 for constitutional torts that are in compliance with the municipality's customs, practices, policies or procedures. A municipality is liable for constitutional deprivations visited pursuant to governmental custom even though such custom has not received formal approval through the body's official decision making channels.  In this case, Nueces County is liable because it sanctioned the custom, practice and/or policy or procedure of failing to protect and/or ignoring the serious medical needs of those entrusted to their care.

16.      Moreover, Nueces County is liable for inadequate training of police officers under §1983. Liability attaches to Nueces County because the County's failure to train amounts to deliberate indifference to the rights of inmates.

## SECOND CLAIM FOR RELIEF -
## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990

17.    Tami is an individual with a mental impairment, a record of such an impairment, and regarded as having such impairment within the meaning of 42 U.S.C. §12102. Her serious mental illnesses, constitute mental impairments that substantially limit her in several major life activities, including but not limited to learning, concentrating, thinking, and interacting with others. These limitations on her life activities have had a profound effect on Tami as fully described above.

18.    Tami is a qualified individual with a disability as defined in 42 U.S.C. §12102.

19.    Defendant County is a public entity as that term is used in 42 U.S.C. §12131.

20.    Tami is entitled to be free from discrimination under the Americans with Disabilities Act, 42 U.S.C. §12131 *et seq.*

21.    Defendants failed to accommodate Tami's medical disabilities and denied her the benefits and services of their facilities by reason of her disabilities by, *inter alia*, failing to attend to and treat her serious medical needs.

## ADMINISTRATION OF ESTATE UNNECESSARY

22.    As to the Estate of Tami, Plaintiffs hereby plead as follows:

   a)    At the time of her death, Tami was not married;
   b)    That the Estate had no debts and/or fewer than two debts;
   b)    That Tami died intestate;
   c)    That no administration is pending;
   d)    That no administration was necessary;
   e)    That no administration was desired by any interested party in the Estate;
   f)    That Tami died without owning any real property; and
   g)    That all interested parties entered into an agreement between themselves concerning the distribution of any estate property.

23.    Based on such, the administration of the Estate of Tami Bond was and is not necessary.

6

## DAMAGES

24.    As a result of the foregoing unlawful and wrongful acts of Defendants, jointly and severally, Diana Bond has been caused to suffer general damages which include but are not limited to the following:  both physical and emotional injury, including but not limited to pain and suffering, emotional and mental distress, and personal humiliation and shock, along with severe emotional distress.

25.    Said injuries have caused Diana Bond to incur special damages which include, but are not limited to: funeral/burial expenses, and the loss of conmpanionship and/or support.

26.    Pursuant to the Civil Rights Attorney's Fees Award Act, 42 U.S.C.S. §1988, a prevailing party in a  §1983 case is entitled to recover his attorney's fees.   Hence, Plaintiff further prays for all costs and attorney fees associated with bringing the present case to trial.

27.    In addition, Plaintiff prays for punitive damages against all individual Defendants. Punitive damages are designed to punish and deter persons such as Defendants who have engaged in egregious wrongdoing.  Punitive damages may be assessed under §1983 when a Defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally-protected rights of others.  While municipal defendants are absolutely immune from §1983 awards of punitive damages, such damages may be awarded against a public employee or official in their individual capacity.  Therefore Plaintiff alleges and prays for punitive damages against all individual Defendants, as such Defendants knew that their conduct was unconstitutional, and/or was callously indifferent to its legality.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays that upon trial of the merits, she recover compensatory damages against Defendants, jointly and severally; that Plaintiff also recover punitive damages against the individual Defendants in an amount to punish and/or deter

and to make an example of those Defendants in order to prevent similar future conduct; and, that Diana Bond recover against each Defendant all reasonable and necessary attorney's fees, court costs and expenses in regards to the present suit in litigation.  Moreover, Plaintiff prays for all pre-judgement and post-judgement interest that can be assessed against the Defendants in the event of recovery; and that Plaintiff recover against each Defendant any and all other general or specific relief to which she proves herself justly entitled.

Respectfully submitted,

**GALE LAW GROUP, PLLC**
711 N. Carancahua St., Suite 514
Corpus Christi, Texas 78401
Mailing Address:
P.O. Box 2591
Corpus Christi, Texas 78403
Telephone: (361)808-4444
Telecopier: (361)232-4139

By: */s/ Christopher J. Gale*
Christopher J. Gale
Texas Bar No. 00793766
Southern District Bar No. 27257
Chris@GaleLawGroup.com
*Attorney-in-Charge for Plaintiff*

*/s/ Amie Augenstein*
Amie Augenstein
Texas Bar No. 24085184
Southern District Bar No. 2236723
Amie@GaleLawGroup.com
*Attorney for Plaintiff*

### Demand for Jury Trial

Plaintiff hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38(b).