IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| **DIANA BOND,** *Individually,* § | |
| *as Representative/Heir of the* § | |
| **ESTATE OF TAMI BOND and** § | |
| *as next friend for* **A.R.B.,** *a minor child* § | |
| § | |
| **v.** § | **CIVIL ACTION NO. 2:19-cv-00043** |
| § | **JURY TRIAL** |
| **NUECES COUNTY, TEXAS;** § | |
| **ELIZABETH ALVARADO,** *Individually*; § | |
| **JASMINE DRAKE,** *Individually*; § | |
| **MICHAEL ALVAREZ,** *Individually*; § | |
| **ANTHONY MUNOZ,** *Individually*; § | |
| **JOSE RODRIGUEZ,** *Individually*; § | |
| **LUIS RIVERA,** *Individually*; § | |
| **JOSE AGUAYO,** *Individually*; and § | |
| **CHRIS GOMEZ,** *Individually*; § | |
| **WELLPATH, LLC.; and** § | |
| **JACKIE BLEVINS,** *Individually*. § | |

**PLAINTIFF'S MOTION TO FILE
PLAINTIFF'S THIRD AMENDED COMPLAINT**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE;**

    **NOW COMES** Plaintiff, Diana Bond, *Individually, as Representative/Heir of the* Estate of Tami Bond, and *as next friend* for A.R.B., *a minor child*, filing this, her *Plaintiff's Motion to File Plaintiff's Third Amended Original Complaint,* and showing unto the Court as follows:

1.    On September 5, 2019, this Court entered its *Order Granting Motion to Dismiss*, wherein the Court addressed certain pleading and limitation issues. In such order, the Court provided Plaintiff an opportunity to file a renewed motion for leave to file an amended pleading with such pleading attached as an exhibit.

2.    In compliance with such order, Plaintiff does request the ability to file her *Plaintiff's Third Amended Original Petition*, which is attached hereto as Exhibit "1."

3.	While Plaintiff holds firm to her belief that her pleadings have thus far been sufficient in terms of surviving and conducting some discovery in this case, she nonetheless in her *Plaintiff's Third Amended Original Petition*, attempted to alleviate certain concerns expressed by the Court concerning same. In particular, Plaintiff provides a better insight into the allegations made by Plaintiff, certain cases known to Plaintiff (or her counsel) concerning medical issues, the policies at issue, cited certain references deemed unnamed by the Court, and the specific concerns pertaining to the training (or lack thereof) concerning same.

4.	In addition, Plaintiff attempted to highlight the allegations centering around Defendants' flippant response to the numerous requests for assistance in an effort to illustrate the similarity of the case at hand to *Balle*, which was determined not on the amount of time or the number of refused requests, but instead on the question of whether a "reasonable inference" can be drawn that "Nueces County had an unwritten policy or a widespread practice that fairly represents municipal policy of consistent noncompliance with required state medical standards and that this policy or practice of noncompliance was the moving force behind the unconstitutional injuries." In this case, as in *Balle*, the answer is yes. Whether the harm befalls after the first refusal in the first day or after the second, third or fifth refusal in a latter day is irrelevant when the policy and practice is one of noncompliance.

5.	Based on the fact that Court noted in the *Order Granting Motion to Dismiss* that "[t]he alleged facts supporting these policies . . . would be sufficient if analyzing the Individual County Defendants' liability", why then is it not reasonable to draw the inference that such individuals committed such violations not because they were evil or ignoring policies, but that because they were inadequately trained and lacked the policies and direction necessary and mandated by state and federal law? The answer is that it is not and Plaintiff should be allowed to conduct discovery on these issues

concerning the untimely and unnecessary death of her daughter.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that the Court grant this Motion, order that her *Plaintiff's Third Amended Complaint* be filed and order such other and further relief to which he may be justly entitled.

> Respectfully submitted,
>
> **GALE LAW GROUP, PLLC**
> 711 N. Carancahua St., Suite 514
> Corpus Christi, Texas 78401
> Mailing Address:
> P.O. Box 2591
> Corpus Christi, Texas 78403
> Telephone: (361)808-4444
> Telecopier: (361)232-4139
>
> By: */s/ Christopher J. Gale*
> Christopher J. Gale
> Texas Bar No. 00793766
> Southern District Bar No. 27257
> Chris@GaleLawGroup.com
> *Attorney-in-Charge for Plaintiff*
>
> */s/ Amie Augenstein*
> Amie Augenstein
> Texas Bar No. 24085184
> Southern District Bar No. 2236723
> Amie@GaleLawGroup.com
> *Attorney for Plaintiff*

## NOTICE OF ELECTRONIC FILING

The undersigned counsel hereby certifies that he has electronically submitted for filing a true and correct copy of the above and foregoing in accordance with the Electronic Case Files System of the Southern District of Texas on the 19th day of September, 2019.

> */s/ Christopher J. Gale*
> Christopher J. Gale

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 19th day of September, 2019, the above and foregoing was sent to the following counsel of record by the means indicated below:

| | |
|---|---|
| Jenny Cron<br>Laura Jimenez<br>NUECES COUNTY ATTORNEY<br>901 Leopard St., Room 207<br>Corpus Christi, Texas 78401 | *Via E-File Notification* |
| Nichol L. Bunn<br>C. Trey Scott<br>LEWIS, BRISBOIS, BISGAAR & SMITH, LLP<br>2100 Ross Avenue, Suite 2000<br>Dallas, Texas 75201 | *Via E-File Notification* |

/s/ *Christopher J. Gale*
Christopher J. Gale