United States District Court
Southern District of Texas
**ENTERED**
December 23, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DIANA BOND, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-43 |
| | § | |
| NUECES COUNTY, TEXAS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER GRANTING MOTION TO DISMISS

Before the Court is the Motion to Dismiss under Rule 12(b)(6) filed by Defendants Wellpath, LLC ("Wellpath") and Jackie Blevins (together, "Defendants"). (D.E. 68). For the reasons stated below, Defendants' motion is **GRANTED**. The parties' Motion to Stay the Scheduling Order (D.E. 72) is **DENIED**.

This case arises from allegations of a county jail's denial of adequate medical care and failure to train its employees. In February 2017, Tami Bond overdosed and died in Nueces County Jail after swallowing two bags of methamphetamine or other amphetamines around the time of her arrest. (D.E. 29, ¶¶ 15, 20). Allegedly, despite Bond's increasingly bizarre behavior and requests for help while detained, Defendants took no action to have Bond medically reassessed. (D.E. 29, ¶¶ 17–18). Plaintiff brings suit under 42 U.S.C. § 1983 against Nueces County, Texas, eight individual county employees, Wellpath (the jail medical provider), and Jackie Blevins (Wellpath's employee). (D.E. 29).

In Plaintiff's Original Complaint filed on February 5, 2019, she named as defendants: (1) Nueces County; (2) two John Doe defendants; and (3) two Jane Doe

defendants. (D.E. 1). Six days later, Plaintiff filed her First Amended Complaint naming the same defendants. (D.E. 3). On July 1, 2019, Plaintiff filed her Second Amended Complaint, naming as defendants Nueces County, eight named individual county employees, Wellpath, and Blevins. (D.E. 29). After a round of Rule 12(b)(6) briefing, this Court granted the motion to dismiss filed by the eight county employees and Nueces County, dismissing all claims against them. (D.E. 46). The Court subsequently denied Plaintiff's motion for leave to amend based on futility. (D.E. 63). The remaining defendants, Wellpath and Blevins, moved to dismiss on November 22, 2019. (D.E. 68). Plaintiff filed a response on December 18, 2019. (D.E. 73). The issues raised in this motion and response are virtually identical to those addressed in two of the Court's prior orders (D.E. 46, p. 17–21; D.E. 63, p. 2–14). Nonetheless, and despite the inevitable repeat in language, the Court again carefully considers the law and the parties' arguments.

## I. Legal Standard

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint for failure to state a claim upon which relief may be granted. The district court, however, must construe the complaint in the light most favorable to the plaintiff, and the allegations contained therein must be taken as true. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face" and must plead those facts with enough specificity "to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555,

570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*). Moreover, a complaint will not be dismissed merely because it contains an "imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 10 (2014) (per curiam).

## II. Statute of Limitations

Defendants argue that Federal Rule of Civil Procedure 15 does not allow Plaintiff to add named defendants in for the Doe defendants after the limitations period. (D.E. 68, p. 4–5). The statute of limitations for a § 1983 claim "is determined by the general statute of limitations governing personal injuries in the forum state." *Piotrowski v. City of Hous.*, 237 F.3d 567, 576 (5th Cir. 2001) (citing *Pete v. Metcalfe*, 8 F.3d 214, 217 (5th Cir. 1993)). Texas's statute of limitations for personal injury actions is two years after the day the cause of action accrues. TEX. CIV. PRAC. & REM. CODE § 16.003; *Piotrowski*, 237 F.3d at 576. The cause of action for injury resulting in death accrues on the death of the injured person, in this case February 7, 2017. *See* TEX. CIV. PRAC. & REM. CODE § 16.003(b). As such, limitations ran on February 7, 2019.

Plaintiff's Original Complaint was filed on February 5, 2019. (D.E. 1). Her Second Amended Complaint, which substituted names of individual defendants for John and Jane Doe, was filed on July 1, 2019. (D.E. 29). However, as discussed below, changing the parties' names from "Doe" to named individuals does not relate back to the date of the

Original Complaint, which was filed within the limitations period. Accordingly, these claims must be dismissed as barred by limitations.

## A. Applicable Law

Federal Rule of Civil Procedure 15(c)(1) allows for an amendment to a complaint to relate back to the date of the original complaint if certain conditions are met.

> An amendment to a pleading relates back to the date of the original pleading when:
>
> (A) the law that provides the applicable statute of limitations allows relation back;
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction or occurrence set out—or attempted to be set out—in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>> i. received such notice of the action that it will not be prejudiced in defending on the merits; and
>> ii. knew or should have known that the action would have been brought against it, *but for a mistake concerning the proper party's identity*.

FED. R. CIV. P. 15(c)(1) (emphasis added).

In *Jacobsen v. Osborne*, the Fifth Circuit held that an attempted substitution for a "John Doe" defendant does not relate back to the date of the original complaint for limitations purposes. 133 F.3d 315, 320–21 (5th Cir. 1998). Rule 15(c) requires a "'mistake concerning the identity of the proper party'" and our Circuit held that "use of a John Doe moniker does not constitute a 'mistake.'" *Whitt v. Stephens Cty.*, 529 F.3d 278, 282–83 (5th Cir. 2008) (denying leave to amend after the limitations period because naming Doe

defendants is not a mistake and does not relate back (quoting *Jacobsen*, 133 F.3d at 321–22)).

In some circumstances, a court may preserve a claim that is otherwise untimely under the doctrine of equitable tolling. "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995) (citing *Burnett* etc.). "Traditional equitable principles preclude a court from invoking equitable tolling, however, when the party seeking relief has an adequate legal or statutory remedy to avoid the consequences of the statute of limitations." *Id.* at 299.

**B. Analysis**

Plaintiff does not dispute that both *Balle*, 690 F. App'x 847, and *Jacobsen*, 133 F.3d 315, hold that substituting for "John Doe" defendants does not relate back for limitations periods. Instead, Plaintiff argues that the Fifth Circuit's case law is incorrect on this matter and ostensibly urges the Court to follow other circuit courts. (D.E. 73, p. 3–5). To be sure, Fifth Circuit case law is binding upon this Court. Plaintiff substituted named individuals for "John Doe" and "Jane Doe" in her Second Amended Complaint—over six months after the limitations period expired. (D.E. 29). That substitution does not relate back to the date of her original complaint. *See Jacobsen*, 133 F.3d at 321–322. Therefore, the claims against the substituted individual defendants are time-barred.

Additionally, equitable tolling does not apply. Because the Texas statute of limitations is borrowed in § 1983 cases, "Texas's equitable tolling principles control this litigation." *Myers v. Nash,* 464 F. App'x 348, 349 (5th Cir.2012) (per curiam) (citing

*Rotella v. Pederson,* 144 F.3d 892, 897 (5th Cir.1998)). "Texas courts sparingly apply equitable tolling and look, *inter alia*, to whether a plaintiff diligently pursued his rights; litigants may not use the doctrine to avoid the consequences of their own negligence. Federal courts also apply the doctrine sparingly." *Id.* at 349 (citations and internal quotation marks omitted).

The Fifth Circuit has spoken on this issue. In *Balle*, the court found that the delay in determining identities of "Doe" defendants did not warrant equitable tolling. 690 F. App'x at 851. In contrast, in *Green v. Doe*, the Fifth Circuit instructed that equitable tolling was appropriate "because the delay in determining the identity of 'John Doe' [was] not attributable to" the plaintiff's actions. 260 F. App'x 717, 719 (5th Cir. 2007) (per curiam) (emphasizing that the plaintiff had filed motions for discovery twice before limitations expired, which the district court denied). The Fifth Circuit in *Green* was careful to distinguish the case from *Jacobsen*, noting that Green had filed his lawsuit "almost eleven months before the running of the statute." *Green*, 260 F. App'x at 719. The *Jacobsen* and *Balle* plaintiffs filed suit just a few days before their limitations periods had run, and the Fifth Circuit instructs that "there was no justification for equitable tolling" in those cases. *Id.* (citing *Jacobsen*, 133 F.3d at 321); *Balle*, 690 F. App'x at 851.

The Court finds equitable tolling is inapplicable here. Plaintiff's inability to timely determine the identities of the "Doe" defendants was attributable to her own decision to file this suit two days before the end of the limitations period. By choosing to file that close to the deadline, Plaintiff failed to utilize the discovery mechanisms of the Federal Rules of Civil Procedure. Plaintiff states in her response that she "attempted—prior to hiring

counsel—to determine the identity of the employees at issue to no avail." (D.E. 73, p. 6). No further facts were alleged about this attempt. Because the Court's discovery mechanisms are a legal remedy available to Plaintiff and she did not utilize them by filing so close to the end of the limitations period, the Court cannot conclude that Plaintiff "diligently pursued [her] rights" and does not find that equitable tolling is appropriate. *Myers*, 464 F. App'x at 349; *see also Lambert*, 44 F.3d at 299.

As such, all claims against Wellpath and Blevins are untimely and dismissed.

### III. Leave to Amend

Plaintiff requests leave to amend. For the reasons set out in the Court's lengthy order on this subject entered on November 8, 2019, the Court denies leave to amend based on futility. (D.E. 63, p. 2–14).

### IV. Conclusion

Defendants' Motion to Dismiss (D.E. 68) is **GRANTED**. All claims against Wellpath and Blevins are time-barred and **DISMISSED**. The parties' Motion to Stay the Scheduling Order (D.E. 72) is **DENIED**.

SIGNED and ORDERED this ___23rd___ day of December 2019.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE